■ In the Matter of METROPOLITAN PROPERTY & LIABILITY COMPANY, Appellant, v ELIZABETH FEDUCHKA, Respondent.—In a proceeding pursuant to CPLR article 75 to stay the arbitration of an underinsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Orange County (Isseks, J.), dated July 17, 1986, which dismissed the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the application to stay arbitration is granted.

The petitioner is seeking to stay the arbitration of an underinsured motorist claim by the respondent, Elizabeth Feduchka, who was listed as a "driver" on the face sheet and the declarations page of an automobile insurance policy which listed only her parents, Elsie and Michael Feduchka, as the "insureds" under the policy. The policy, which was effective as of May 22, 1985, provided underinsured motorist coverage. On August 8, 1985, Elizabeth sustained serious personal injuries while riding as a passenger in an underinsured vehicle. At the time the policy was issued and at the time of the accident, Elizabeth was not living in the same household as her parents.

The policy at issue is not ambiguous and its terms must be construed according to its plain and ordinary meaning *(see, Government Employees Ins. Co. v Kligler,* 42 NY2d 863; *Holzberg v Mutual Life Ins. Co.,* 104 AD2d 972, *appeal dismissed* 65 NY2d 1025, *lv denied* 68 NY2d 604). Here, the

policy provides, under the uninsured and underinsured provisions, that the appellant will pay all sums which the "insured" shall be legally entitled to recover as damages from the owner of an uninsured or underinsured automobile. "Insured" is defined to include "the named insured and, while residents of the same household, his spouse and the relative of either". Since the respondent was not a resident of her parents' household at the time she sustained injuries, she was excluded from coverage by the clear and unambiguous language of the policy. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.