■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and VICTORIA HODGE, Appellant. [636 NYS2d 946] —Mercure, J. P. Appeal from an order of the Supreme Court (Ingraham, J.), entered May 2, 1995 in Chenango County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent was injured in a June 14, 1993 accident when she was riding on a hay wagon that was struck by a motorcycle. After the insurance carrier for the owner of the motorcycle offered respondent its full $10,000 liability policy, respondent sought additional payment under the underinsured motorist endorsement of a policy issued by petitioner to respondent's parents, Robert Noble and Helen Noble. It is undisputed that respondent and her husband, Dale Hodge, lived with the Nobles

and that, as a relative residing in the same household as the named insureds, respondent was included within the policy's definition of an "insured". Further, although there is a factual dispute in this regard, we shall further assume, as alleged by respondent, that her husband owned the tractor and hay wagon involved in the accident. Contending that, as the Nobles' son-in-law, Hodge was a "relative" of the named insureds, petitioner denied coverage on the basis of an exclusionary clause stating: "This endorsement does not apply to bodily injury to an insured while occupying a highway vehicle (other than one insured for this coverage by this policy) owned by a named insured *or any relative* or through being struck by such a highway vehicle (emphasis supplied). Respondent served a notice of intent to arbitrate, received by petitioner by mail on January 12, 1995, and petitioner then made the present application to stay arbitration by service of a notice of petition and petition upon respondent by mail posted on February 1, 1995. After rejecting respondent's contention that the application was not timely made and concluding that respondent's injury fell within the above policy exclusion, Supreme Court granted the application and ordered that the arbitration be stayed. Respondent appeals.

We affirm. First, we agree with Supreme Court that the application was made within the 20-day limitation period of CPLR 7503 (c). There is no dispute that petitioner received respondent's demand for arbitration on January 12, 1995 and that petitioner brought on this proceeding by mail posted on February 1, 1995. Excluding January 12, 1995, the day petitioner received the demand for arbitration (*see*, General Construction Law § 20), February 1, 1995 is the 20th day thereafter, and CPLR 7503 (c) expressly provides that "[s]ervice of the application by mail shall be timely if such application is posted within the prescribed period".

We also agree with Supreme Court's legal determination that, under the applicable policy provision, respondent's husband was a "relative" of a named insured and that, as a result, respondent's claim fell within the exclusionary terms of the policy. We first note that the insurance policy at issue defines the term "relative" as "a person who regularly resides in [the named insured's] household and is related to [the named insured] by blood, marriage or adoption". Although petitioner was unable, at the time of its application to stay arbitration, to submit a complete copy of the policy it issued to the Nobles, we will receive the full document at this time as "incontrovertible documentary evidence dehors the record" (*Bravo v Terstiege*,

196 AD2d 473, 476). In the case of *Smith v Pennsylvania Gen. Ins. Co.* (32 AD2d 854, *affd* 27 NY2d 830), this Court interpreted an essentially identical policy provision to include the stepdaughter of a named insured within the definition of "relative". Here, as in *Smith*, "[w]hen 'relative' is considered along with the limiting phrase 'resident of the same household', the policy intent to deny coverage to other [vehicles] readily available to covered persons within the same household is noted, and the close affinity, although not consanguinity, present in the [in-law] relationship is recognized, it is our opinion that [respondent's husband] was a 'relative' under the policy giving that term its plain, ordinary meaning as understood by the average [person]" (*supra*).

We need not consider the parties' remaining contentions.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.