OPINION OF THE COURT
Bellacosa, J.
The dispositive issue on this appeal, before the Court as of right based on a two-Justice dissent at the Appellate Division (CPLR 5601 [a]), is whether a particular commercial insurance policy clause excludes coverage for a 1978 single-vehicle accident. We conclude that the coverage for the owners with respect to the accident and personal-trip circumstances presented by this case was definitively excluded by the policy clause at issue.
Plaintiffs, Donald H. Baughman and Donald H. Baughman, Inc., owners of the tractor at issue here, appeal from the declaration in favor of defendant Merchants Mutual Insurance Company and against plaintiffs’ effort to have the carrier indemnify them. While we agree with the result and, thus, affirm the order of the Appellate Division, our conclusion rests essentially on the interpretation of the policy clause at issue.
Baughman, Inc., leased the tractor involved in the accident to John R. Schutt, Jr., Inc., and pursuant to that lease Baughman, Inc.,' also dispatched drivers in response to requests from Schutt. Merchants issued a general liability vehicle policy to Schutt covering all vehicles Schutt owned or leased. In February 1978, driver Ralph E. Landwehr, an employee of Baughman, Inc., was "dispatched” to Schutt, and acting in accordance with Schutt’s instructions, made a number of pickups and deliveries in the leased tractor-trailer. Following the final delivery of the day at a plant in Tonawanda, New York, Landwehr decided to drive the tractor to Niagara Falls, New York, to visit a friend. Landwehr’s home in Springville, New York, was in the opposite direction. While crossing the Grand Island Bridge on the way to Niagara Falls, one of the tractor’s wheels came off, causing the tractor to crash into the guardrail, hurling the vehicle and Landwehr over and into the icy Niagara River. Landwehr was seriously and permanently injured. The New York Workers’ Compensation Board rejected his claim for benefits on the ground that the accident did not occur within the course of his employment. That determination is not appealed.
Landwehr then sued Schutt, Baughman, and Baughman, Inc., and won a substantial judgment. Approximately $1.2 mil *592 lion of the judgment remains unpaid, and plaintiffs Baughman and Baughman, Inc. are the only entities against whom the judgment remains operative.
Merchants Mutual Insurance Company had declined to defend plaintiffs Baughmans in the underlying action. Plaintiffs ultimately brought this declaratory judgment action seeking to have Merchants cover the judgment against them. Supreme Court dismissed the complaint. The Appellate Division technically modified, with the same essential result, by declaring in favor of the defendant insurer. The Court held that the earlier ruling of the Workers’ Compensation Board that Landwehr was not acting within the scope of his employment at the time of the accident was determinative. The Court concluded that the plaintiffs were not "insureds” under the policy because the truck was not being "exclusively” used in the scope of the business of the named insured.
While the parties agree that plaintiffs are "owners” of the vehicle as that term is defined and covered in the policy, the determinative issue on this appeal devolves to whether the insurer properly denied coverage pursuant to the exclusionary "Endorsement” to the policy. That endorsement excludes coverage if "the [vehicle] is not being used exclusively in the business of the named insured * * * but this limitation shall not apply to a [vehicle] while en route, at the request of the named insured, to engage in such exclusive use and not transporting property for others” (emphasis added). Schutt is the "named insured” under the policy and plaintiffs Baughmans’ interests rise or fall with the operation and effect of the above-quoted clause.
Plaintiffs argue that the language of the exclusion clause is ambiguous, and that as a result it should be construed against the insurer. That was the view of the dissenting Justices at the Appellate Division. We disagree with that reasoning and the result it would compel.
The policy emphasizes the "exclusive use” feature in order definitively to distinguish coverage from exclusion of risks. This Court has cautioned that we "may not disregard clear provisions which the insurers inserted in the policies and the insured accepted,” and that "their construction is solely a question of law for the court” (Caporino v Travelers Ins. Co., 62 NY2d 234, 239).
Merchants offered and entered into a carefully circumscribed and tailored business policy to cover and to exclude defined *593 risks associated with Schutt’s trucking activities. An important guidepost when interpreting a business policy is to examine "the 'reasonable expectation and purpose of the ordinary business [person] when making an ordinary business contract’ ” (Michaels v City of Buffalo, 85 NY2d 754, 757, citing Bird v St. Paul Fire & Mar. Ins. Co., 224 NY 47, 51). The language of the exclusion makes plain that Schutt’s and Merchants’ reasonable expectations, which are binding on plaintiffs, were that the policy should suffer those risks exclusively associated with Schutt’s business enterprise. They did not agree to underwrite or pay premiums for private risks put in play by others who were not parties to the contract of insurance or otherwise introduced by uncovered activities unless specific conditions were satisfied. The use of the word "exclusively” twice in the exclusion clause is not only highly probative, but also cogently supportive of the outcome we reach for this phase of this dispute.
The term "en route,” however, contained in the key, narrowly drawn exclusion clause must also be addressed. It is tailored to the particular type of transportation functions which the parties reasonably expected would occur in the customary course of the covered business. This phrase plainly extends coverage to situations where a vehicle is dispatched at Schutt’s direction, but has not yet entered service carrying goods on Schutt’s behalf. That is not this case.
Arguably, a "directed” or "dispatched” trip "en route” could be within an exclusive "scope of employment” definition for some purposes. Merchants and Schutt decided, however, to resolve ambiguity in that regard by mutually agreeing to language in advance in the policy clause by restricting coverage for the truck only if it was being operated "exclusively in the business.” The phrase "en route” in the exclusion clause is consistent with and buttresses the strictly limiting phrase "used exclusively in the business,” and surely does not operate in this case to undermine the unqualified exclusion. Indeed, the key words of this clause are as definite as one would require.
Plaintiffs, nevertheless, also suggest that the term "en route,” as used in this context, is so open-ended that its incorporation encompasses the type of personal, end-of-business-trip detour which Landwehr set out on in this case. The facts, without contradiction, do not support such a forced construct. Landwehr went in the opposite direction of any work-related function after the work day and duties were fully *594 completed, and he did so for an exclusively personal purpose. Plaintiffs’ argument in this regard is unpersuasive and ascribing uncertainty or ambiguity to the "en route” portion of this clause on such facts would be hypothetical sophistry.
The principal purpose of this policy is to insure against those risks associated with Schutt’s business. Chief Judge Cardozo provides the lesson that coverage in this situation depends on "whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils” (Matter of Marks v Gray, 251 NY 90, 93). In evaluating the scope of the risks the parties reasonably expected would be encountered in the operation of the truck, useful guidance may also be gleaned from analogous principles found in other related case law, though this appeal is not strictly governed by such workers’ compensation principles.
This Court has held that regular commuting trips are generally not within the scope of employment for purposes of workers’ compensation claims (Matter of Fine v S.M.C. Microsystems Corp., 75 NY2d 912, 914). When travel is undertaken, however, at the direction of or in furtherance of the employer’s purpose, such trips are considered as within the scope of the worker’s employment (Matter of Neacosia v New York Power Auth., 85 NY2d 471, 475; see also, Matter of Callanan v Town of Clarkstown, 191 AD2d 861, 862). Where a journey is made with both a business purpose as well as a personal one, Chief Judge Cardozo added in Matter of Marks v Gray that the test whether the trip occurs within the scope of employment is "[i]f the work of the employee creates the necessity for travel, [the employee] is in the course of his employment, though [the employee] is serving at the same time some [personal] purpose” (251 NY, at 93-94, supra).
We are cognizant of the fact that the "scope of employment” standard set forth in the Workers’ Compensation Law ordinarily casts a wider net than the phrase "used exclusively in the business” set forth in the policy at issue. Moreover, plaintiffs acknowledge that Landwehr at the time of the accident was not driving in the direction of his home, which arguably could have continued some business purpose. Rather, he was, all agree, on a purely personal mission. His side trip had nothing whatsoever to do with Schutt’s business, was undeniably not expressly or impliedly "at its direction,” and can in no way be deemed to be within the reasonable contemplation of the insurance-contracting parties’ expectations for the coverage of this policy. This is not a case where an em *595 ployee, while on the way home with an employer’s approval or direction, proceeded "en route” or made some incidental stop or side trip. Rather, Landwehr’s trip was beyond any reasonable interpretation of the breadth of Schutt’s expectations, direction or permission.
The Appellate Division reasoned that the plaintiffs in this civil action are bound by the finding of the New York Workers’ Compensation Board under Workers’ Compensation Law § 10 (1) that employee Landwehr was not acting within the "course of his employment” at the time of the accident for purposes of the Workers’ Compensation Law. Plaintiffs acknowledge that they are bound by the findings of the Board in a technical sense (see, Liss v Trans Auto Sys., 68 NY2d 15, 21), but they argue nevertheless that the Board’s finding does not resolve the interpretation of the policy exclusion clause. We agree that a straightforward interpretation of the policy clause is the sole, correct analytical path to the disposition of this case. In that framework, the widest construction of the phrase "en route, at the request of the named insured” cannot be read to encompass activities which are so unquestionably and unequivocally repugnant to the scope of a worker’s employment authorizations. The reasonable and founded interpretation of the policy clause supports our conclusion that Landwehr’s private-use gambol with the tractor-trailer removed the plaintiffs owners from any contemplated or contracted-for coverage. Their appeal should fail.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Simons, Titone, Smith, Levine and Ciparick concur.
Order affirmed, with costs.