■ In the Matter of the Arbitration between NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, and ADAM J. PREHODA, an Infant, by JOSEPH PREHODA, His Parent and Guardian, et al., Appellants. [647 NYS2d 66] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ingraham, J.), entered May 31, 1995 in Chenango County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

In October 1994, the infant respondent, Adam J. Prehoda (then age 16), was injured while riding as a passenger in an automobile owned and operated by Robert Jamieson, the 16-year-old foster child of Prehoda's parents. Jamieson was an unlicensed driver and his car was unregistered and uninsured at the time of the one-car accident that resulted in Prehoda's injuries. Prehoda was an insured driver, having been issued a personal auto insurance policy by petitioner that provided, *inter alia*, $10,000 uninsured motorist coverage.

When petitioner denied Prehoda's claim for uninsured motorist benefits under his policy, respondent Joseph Prehoda (hereinafter respondent), acting on his own behalf and as Prehoda's parent, filed a demand for arbitration. Petitioner moved for a stay of arbitration and respondents cross-moved for an order compelling arbitration. Supreme Court denied respondents' motion but granted petitioner's motion to stay arbitration. Respondents appeal.

Under the terms of the policy petitioner issued to Prehoda,

no coverage will be provided to an insured individual who is injured while occupying a vehicle owned by any "family member * * * which is not insured for this coverage under this policy". "Family member" is specifically defined in the policy as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child."

The liability of an insurer cannot be extended beyond the express terms of the contract (*see, Miccio v National Sur. Corp.*, 170 AD2d 937, 938-939). Where the words used in an insurance contract have a definite and precise meaning, the court will not strain to find ambiguity (*see, Flynn v Timms*, 199 AD2d 873, 874) but will enforce the contract terms as written (*see, Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864; *Harrigan v Liberty Mut. Fire Ins. Co.*, 170 AD2d 930, 931). We find the policy language cited above to be unequivocal and unambiguous. Since Prehoda was injured while a passenger in an uninsured vehicle owned by his foster brother, a "family member" within the meaning of the policy, petitioner is not liable for the resulting injuries and its motion for a stay of arbitration was properly granted (*see, Matter of Nationwide Mut. Ins. Co. [Hodge]*, 224 AD2d 770; *Matter of Liberty Mut. Ins. Co. v Panetta*, 187 AD2d 719, 720).

Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.