■ JULIE A. HURLBURT, Appellant, v INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent, and VALERIE S. HUNSDON, Appellant. [733 NYS2d 812] —Carpinello, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered August 25, 2000 in Essex County, which, *inter alia*, declared that defendant Indemnity Insurance Company of North America was not obligated to defend and indemnify plaintiff in a personal injury action.

In September 1990, plaintiff became an attendant with the Ticonderoga Emergency Squad, Inc. (hereinafter the Squad), a status which permitted her to assist emergency medical technicians at the scene of calls. In the early morning hours of January 1, 1992, while driving with defendant Valerie S. Hunsdon around the Town of Ticonderoga, Essex County, in her personal vehicle, plaintiff learned through a social encounter with an on-duty police officer that there had been a motor vehicle accident in a neighboring town, some five to six miles away. Plaintiff took it upon herself to proceed to that accident scene to offer assistance. While en route, she herself was involved in a single-car accident seriously injuring Hunsdon.

In the fall of 1992, Hunsdon commenced a personal injury action against plaintiff for the injuries she sustained in their accident. Five years later, plaintiff commenced this action against Hunsdon and defendant Indemnity Insurance Company

of North America seeking a declaration that Indemnity must defend and indemnify her in the Hunsdon action under a policy of insurance it issued to the Squad. The essence of her argument is that she was an additional insured under the Indemnity policy since she was en route to the first automobile accident to offer assistance at the time of her own crash. The policy provision at issue states that "[a]ny employee of [the Squad] is an 'insured' while using a covered 'auto' you don't own, hire or borrow in your business or your personal affairs." Following a nonjury trial, Supreme Court determined that plaintiff was not so entitled. She and Hunsdon appeal.

The tenor of the briefs submitted by plaintiff and Hunsdon notwithstanding, the instant matter does not involve a complex analysis of contract law, a construction of allegedly ambiguous contract language and/or the propriety of Supreme Court's consideration of purported "extrinsic evidence" in interpreting the subject insurance policy. Rather, the record makes clear that one issue was before Supreme Court in the trial of this matter, an issue that was specifically articulated by *plaintiff's* counsel at its onset, namely, "whether [plaintiff] was acting in the furtherance of business of the * * * Squad on January 1, 1992," which was a *"factual* issue" (emphasis supplied) that plaintiff's counsel urged would be determinative of the entire case.[1] To be sure, the issue of whether plaintiff was acting as a member of the Squad when she attempted to respond to the first motor vehicle accident was sharply contested at the trial, but ultimately resolved in favor of Indemnity. While plaintiff and Hunsdon claim that this resolution was in error, we cannot agree upon our own review of the record.

The relatively straightforward facts in this case support Supreme Court's determination that plaintiff was not acting in furtherance of the Squad's business at the time of her accident. First, the record makes clear that plaintiff was not on duty for the Squad on the morning of January 1, 1992, had not been contacted by a dispatcher to respond to the first accident and

1. This assertion by plaintiff's counsel was expressly agreed to by counsel for Hunsdon and Indemnity. Thus, plaintiff's appellate contention that "Supreme Court * * * erred when it held that plaintiff * * * could only be covered [under the Indemnity policy] if she were engaged in the [b]usiness or [p]ersonal affairs of [the Squad]" is not well taken. Moreover, the record supports Indemnity's appellate assertion that Supreme Court and all parties "were in agreement on the policy provision which is now at issue" and that there was "no ambiguity regarding contract interpretation" at trial; rather, "the parties agreed that a factual determination was necessary to answer the question of whether [plaintiff's] activities on the evening/early morning in question were in furtherance of the business affairs of [the Squad]."

had not even heard about that accident via the portable radio that she had been issued by the Squad (she was not even carrying her radio that morning). Moreover, she made no attempt to contact the dispatcher to notify her that she was en route to the accident and did not activate the green courtesy light mounted in her vehicle at any time. Additionally, she was admittedly "under the influence of alcohol" at the time, having imbibed at a New Year's Eve party that she herself had hosted.[2]

Perhaps most problematic is the record evidence that plaintiff emphatically *denied* that she was responding to the accident as a *Squad member* at a special meeting of the Squad called in early January 1992 specifically to explore the circumstances under which she had responded to the first accident. According to David Downing, the Squad captain at that time, plaintiff stated, in response to allegations that she was driving under the influence of alcohol that morning and thus responding to an accident in violation of the Squad's response policy, that "she was not responding to the scene of the [first] motor vehicle accident as a member of the * * * Squad" and therefore her conduct that morning "wasn't any of [the Squad's] business." According to Downing, in light of plaintiff's statement, no disciplinary action was taken against her by the Squad. Four other meeting attendees similarly testified. Plaintiff also made similar denials to friends.

Given these facts, we find that Supreme Court appropriately concluded that plaintiff was not acting in furtherance of the Squad's business at the time that she was proceeding to the first accident and therefore is not an additional insured under the Indemnity policy. To countenance the contention of plaintiff and Hunsdon that plaintiff was acting in the furtherance of the Squad's business simply because she took it upon herself to respond to an accident would make all Squad members additional insureds under the policy so long as they too make a unilateral decision to proceed to the scene of a call where assistance is not expected, requested or perhaps even needed. Such an interpretation of the policy would certainly not foster the reasonable expectations of Indemnity and the Squad when they entered into this agreement (*see, e.g., Baughman v Merchants Mut. Ins. Co.*, 87 NY2d 589, 593; *Michaels v City of Buffalo*, 85 NY2d 754, 757).

Mercure, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

**2.** Plaintiff testified at trial that she was not to respond to an accident call if she had been consuming alcohol.