[799 NYS2d 509]

In the Matter of Utica Mutual Insurance Company, Respondent, v Daniel Reid, Appellant.

First Department, August 11, 2005

APPEARANCES OF COUNSEL

*Laura & Matarrese*, Staten Island (*Gregory P. Matarrese* of counsel), for appellant.

*Hammill, O'Brien, Croutier, Dempsey & Pender, P.C.*, Mineola (*Anton Piotroski* of counsel), for respondent.

**OPINION OF THE COURT**

MAZZARELLI, J.

This is a case where coverage for a claim was denied under a specific provision of the supplementary uninsured/underinsured motorists endorsement (SUM endorsement) of the policy under which respondent-appellant seeks to recover.

At the time of the accident, respondent Reid was driving a 1999 Honda motorcycle that was insured not by petitioner Utica Mutual Insurance Company, but rather under a policy issued by Progressive Northeastern Insurance Company. Reid also owned a 1998 Dodge Caravan insured by Utica. The Utica policy had the relevant SUM endorsement. In the accident, Reid collided with a 1989 Plymouth, and he recovered the full amount of its policy, $25,000, on his third-party liability claim. Reid apparently suffered a broken leg and ankle, and he sought additional underinsured benefits. He made the claim at issue for SUM benefits under the Utica policy on his 1998 Dodge Caravan. In so doing, he filed a notice of claim in which he fraudulently misstated the vehicle he was driving at the time of the accident as the Dodge and not the motorcycle.

Utica raised no immediate objection to the claim and asked for relevant medical information. Eventually, Utica uncovered Reid's misrepresentation. Some six months after the claim was filed, it disclaimed coverage in a February 12, 2002 letter, based upon an exclusion in the SUM endorsement. Notably, Reid did not correct his misrepresentation at any time prior to February 12, 2002.

There are two parts to the Utica policy which are at issue, one dealing with liability coverage and the other being the SUM endorsement. The SUM endorsement is drafted to operate, essentially, as a discrete insurance agreement within the larger liability policy. It affords specific protection to an insured in the event, inter alia, that a tortfeasor has a liability limit inadequate to compensate the claimant for his injuries. Reid made his claim under the SUM endorsement, not under the liability portion of the policy, since he is not a third-party claimant as

against Utica. The SUM endorsement contains a number of conditions and exclusions. These include, under "CONDITIONS," "1. Policy Provisions. None of the Insuring Agreements, *Exclusions* or Conditions of the policy shall apply to this SUM coverage except: 'Duties After An Accident or Loss'; 'Fraud'; and 'Termination' if applicable" (emphasis supplied).Thus, the "Exclusion[ ]" in the liability section of the Utica policy, which excludes coverage for the ownership or use of "Any motorized vehicle having fewer than four wheels," is inapplicable to the SUM endorsement and to this case.

However, the SUM endorsement has its own set of exclusions. They include the following:

"EXCLUSIONS

"This SUM coverage does *not* apply: . . .

"2. To bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle *is not insured for SUM coverage by the policy under which a claim is made*" (emphasis supplied).

It is conceded that Reid was riding the motorcycle when he was injured and that the vehicle covered by the Utica policy was a Dodge Caravan. As noted, Reid had an entirely separate policy for the motorcycle from Progressive Northeastern Insurance Company. Thus, Reid cannot recover SUM benefits for injuries he sustained while operating his 1999 Honda motorcycle because, pursuant to the *exclusion in the SUM endorsement*, the motorcycle is not insured for additional coverage under the Utica policy.

As the claim is being denied based upon a SUM exclusion, the question of whether the disclaimer was effective must be answered (*see Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185 [2000]). Insurance Law § 3420 (d), which requires an insurer disclaiming coverage under the policy to "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage," is inapplicable to these facts. Unlike the *Worcester* case, where there was no evidence of chicanery, here Reid made his claim for SUM benefits based upon a fraudulent misrepresentation of a critical fact: the claim form, on page one, misstates that vehicle No. 1 (Reid's vehicle in the accident) was a 1998 Dodge Caravan. This was a material misrepresentation that Reid never attempted to correct until Utica discovered it and disclaimed coverage. Thus, the concerns

articulated in *Worcester* regarding prejudice to a claimant (95 NY2d at 190), based upon the timing of the disclaimer, are not implicated here.

Rather, fatal to Reid's claim was his continued failure to disclose a material fact that it was the motorcycle, not the 1998 Dodge Caravan, that was involved in the accident (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195 [1997]; *Matter of Metro Med. Diagnostics v Eagle Ins. Co.,* 293 AD2d 751 [2002]). Utica's actions were thus proper, and its disclaimer valid.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Marcy Friedman, J.), entered June 16, 2004, which, upon reargument, granted the insurer's application to stay arbitration of an underinsured motorist claim, should be affirmed, without costs.

TOM, J.P., ANDRIAS, FRIEDMAN and CATTERSON, JJ., concur.

Order and judgment, Supreme Court, New York County, entered June 16, 2004, affirmed, without costs.