■ In the Matter of USAA CASUALTY INSURANCE COMPANY, Appellant, v CHRISTOPHER HUGHES, Respondent. [825 NYS2d 531]—

In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Richmond County (Sacks, J.H.O.), dated December 22, 2005, which denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On March 25, 2003, the respondent, Christopher Hughes, was involved in a three-car collision in Edison, New Jersey. At the time, he was driving a motorcycle which he owned and which had been insured by Universal Underwriters Insurance Company. However, the record indicates that the coverage for the motorcycle had expired on January 18, 2003.

At the time of the accident, Hughes had insured a 1998 Ford truck with the petitioner. That truck was the only vehicle listed on the motor vehicle insurance policy issued by the petitioner (hereinafter the policy). On or about July 8, 2003, Hughes, as claimant, served the petitioner with a demand for arbitration under the supplemental uninsured motorist arbitration rules for injuries he allegedly suffered in the March 25, 2003, accident. The demand was served by regular mail. By letter dated July 10, 2003, the petitioner denied coverage and on October 14, 2003, filed this proceeding to permanently stay the arbitration on the ground that the policy specifically excluded coverage in this instance.

Thereafter, Justice Minardo determined that the petition was timely and referred the issue of coverage to J.H.O. Sacks to hear and determine. J.H.O. Sacks determined that the petition was untimely, and that the policy provisions were ambiguous and thus had to be construed against the petitioner. He therefore denied the petition. We reverse.

As the petitioner contends and as is not disputed by Hughes, Justice Minardo determined that the petition was timely. Thus, J.H.O. Sacks was without authority to determine the issue of timeliness.

Contrary to the determination of J.H.O. Sacks, the policy language in question was not ambiguous and the petitioner is entitled to have the provisions it relied on to disclaim coverage enforced. The policy provisions at issue read:

"PART C - UNINSURED MOTORIST COVERAGE (referred to as UM)

. . .

"2. Definitions . . . .

"(a) Insured. The unqualified term 'insured' means:

"(1) The named insured and, while residents of the same household, your spouse and the relatives of either you or your spouse;

"(2) Any other person while occupying:

"(i) A motor vehicle owned by the named insured or, if the named insured is an individual, such spouse and used by or with the permission of either, or

"(ii) Any other motor vehicle while being operated by the named insured or such spouse, except a person occupying a motor vehicle not registered in the State of New York, while used as a public or livery conveyance."

Additionally, the "Exclusions" provisions of Part C upon which the petitioner relies provide in relevant part:

"This UM Coverage does not apply: . . .

"(3) To bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for at least the minimum bodily injury liability limits and UM limits required by law by the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of this policy."

This language is not ambiguous and the terms must be construed according to their plain and ordinary meaning. The policy provisions relied on by the petitioner unambiguously exclude from coverage, under the UM portion of the policy, compensation for bodily injuries an insured may sustain when injured in a motor vehicle accident with an uninsured vehicle, while occupying a motor vehicle he owns, which vehicle is not covered under the policy. Thus, the petition should have been granted (see Matter of Utica Mut. Ins. Co. v Reid, 22 AD3d 127, 129 [2005]; Matter of New York Cent. Mut. Fire Ins. Co. [Prehoda], 231 AD2d 829 [1996]; Matter of Metropolitan Prop. & Liab. Co. v Feduchka, 135 AD2d 715 [1987]; see generally Government Empls. Ins. Co. v Kligler, 42 NY2d 863, 864-865 [1977]; MDW Enters. v CNA Ins. Co., 4 AD3d 338 [2004]; Gaetan v Firemen's Ins. Co. of Newark, 264 AD2d 806 [1999]). Florio, J.P., Adams, Krausman and Rivera, JJ., concur.