█ In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v VITALY POLYAKOV et al., Respondents. [903 NYS2d 443]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, New York Central Mutual Fire Insurance Company appeals from an order of the Supreme Court, Kings County (Balter, J.), dated June 17, 2009, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On September 1, 2007, the respondent Vitaly Polyakov (hereinafter Polyakov) was involved in a motor vehicle accident while driving a motorcycle which he owned. Polyakov's motorcycle hit the rear end of the automobile of the respondent P. Tsismanakis while that automobile was stopped at a traffic light on Coney Island Avenue in Brooklyn. Polyakov reported to the police officer who responded to the scene that an unidentified vehicle struck his motorcycle causing him to swerve and hit the Tsismanakis vehicle in the rear. The police accident report did not list any insurance information for either the Tsismanakis vehicle or the motorcycle. However, at the time of the accident, the respondent Mikhail Polyakov (hereinafter the named insured), Polyakov's father, had a policy of automobile insurance issued by the petitioner, New York Central Mutual Fire Insurance Company. The only vehicle named under that policy as a covered vehicle was a 2001 Nissan Maxima owned by the named insured.

By letter dated September 28, 2007 (hereinafter the notice of accident), Polyakov's counsel advised the petitioner that Polyakov was involved in the subject accident while he "occupied [an] uninsured vehicle." Polyakov advised the petitioner of his intent to file a claim for no-fault first-party benefits under the subject policy as the son of the named insured who was a member of the same household. Polyakov also advised of his intent to pursue claims "under the hit and run provisions of the [subject] policy." Notably, in the application for no-fault benefits signed by Polyakov, he asserted, inter alia, that the owner of the motorcycle he was driving was "unknown at this time."

By letter dated October 12, 2007 (hereinafter the denial of claim), from the petitioner's counsel to Polyakov's counsel, Polyakov was advised that his claim for benefits under the supplementary uninsured/underinsured motorists endorsement (hereinafter the SUM endorsement) of the subject policy was denied. The petitioner averred that its investigation revealed that Polyakov was the titled owner of the motorcycle which he was riding at the time of the accident. In addition, the motorcycle was not an insured vehicle under the subject policy.

Consequently, the petitioner advised Polyakov that his claim for SUM benefits must be denied because the SUM endorsement excluded coverage for bodily injury to an insured while occupying a motor vehicle owned by that insured which was not insured under the subject policy. The petitioner also reserved its rights to deny coverage for any additional reasons that later came to its attention.

By demand for arbitration dated March 5, 2009, submitted to the American Arbitration Association, New York State Sum Arbitrational Tribunal, Polyakov made a demand on the petitioner for arbitration of his claim for SUM benefits. On or about March 23, 2009, the petitioner commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of Polyakov's claim. The Supreme Court denied the petition and directed the parties to proceed to arbitration. We reverse.

The policy language in question was not ambiguous, and the petitioner was entitled to have the provisions it relied on to disclaim coverage enforced (*see Matter of USAA Cas. Ins. Co. v Hughes*, 35 AD3d 486, 487-488 [2006]; *see generally Baughman v Merchants Mut. Ins. Co.*, 87 NY2d 589, 592 [1996]; *Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864-865 [1977]). The SUM endorsement under the subject policy provided, in relevant part, that "[t]his SUM coverage does not apply . . . [t]o bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made." This language is not ambiguous and the terms must be construed according to their plain and ordinary meaning. This policy exclusion unambiguously excluded from SUM coverage compensation for bodily injuries sustained by an insured when injured in a motor vehicle accident with an uninsured vehicle, while occupying a motor vehicle he or she owns, which vehicle was not covered under the policy (*see Matter of USAA Cas. Ins. Co. v Hughes*, 35 AD3d at 488; *Matter of Utica Mut. Ins. Co. v Reid*, 22 AD3d 127, 129 [2005]; *Matter of New York Cent. Mut. Fire Ins. Co. [Prehoda]*, 231 AD2d 829, 829-830 [1996]). There is no dispute that Polyakov, at the time of the accident, was occupying a vehicle, the motorcycle, that he owned but that was not covered under the subject policy.

In addition, contrary to Polyakov's contention, the exclusion from coverage also would have been applicable under the mandatory uninsured motorists provision of the policy, which similarly provides that the petitioner does "not provide Uninsured Motorists Coverage for 'bodily injury' sustained: 1. By an

insured while 'occupying', or when struck by, any motor vehicle owned by that 'insured' which is not insured for this coverage under this policy." However, as the petitioner correctly argues, the mandatory uninsured motorists provision was removed from the subject policy by amendment pursuant to Section III of the Amendment of Policy Provisions—New York, and the SUM endorsement was added (*see generally* 11 NYCRR 60-2.3 [e]).

Accordingly, the petition should have been granted (*see Matter of USAA Cas. Ins. Co. v Hughes*, 35 AD3d at 488; *Matter of Utica Mut. Ins. Co. v Reid*, 22 AD3d at 129; *Matter of New York Cent. Mut. Fire Ins. Co. [Prehoda]*, 231 AD2d at 829-830; *cf. Matter of Metropolitan Prop. & Liab. Co. v Feduchka*, 135 AD2d 715 [1987]; *see generally Government Empls. Ins. Co. v Kligler*, 42 NY2d at 864-865).

The parties' remaining contentions either are without merit or have been rendered academic. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.