■ In the Matter of USAA CASUALTY INSURANCE COMPANY, Respondent, v LISA COOK, Appellant. PACIFIC SPECIALTY INSURANCE COMPANY et al., Proposed Respondents. [925 NYS2d 86]—

In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of a claim for underinsured motorist benefits, the appeal is from an order of the Supreme Court, Nassau County (Palmieri, J.), dated March 2, 2010, which granted the petition.

Ordered that the order is affirmed, with costs.

On May 7, 2009, Walter Cook was riding a motorcycle which he owned when he was involved in an accident with a motor vehicle. As a result of the accident, Walter Cook sustained fatal injuries. The motorcycle was insured under a policy issued by the proposed additional respondent, Pacific Specialty Insurance Company. At the time of the accident, the decedent was married to the appellant, Lisa Cook, who owned a Toyota motor vehicle, which was insured by the petitioner-respondent, USAA Casualty Insurance Company (hereinafter USAA). By letter dated June 4, 2009, counsel for the appellant wrote to USAA advising it of "my client's intention to make a claim under the Unin-

sured and Underinsured provision of the [USAA] policy." Twenty-eight days later, by letter dated July 2, 2009, USAA disclaimed coverage, stating as follows: "The Cook's [*sic*] New York Automobile Policy does not provide [underinsured motorist benefits] [hereinafter UM] coverage for this loss. Mr. Cook was driving a motorcycle that he owned and insured elsewhere. The New York Automobile Policy, SUM, Exclusions states, 'The UIM coverage does not apply: To bodily injury incurred while occupying a motor vehicle owned by that insured if such motor vehicle is not insured for at least the minimum bodily injury liability limits and UM limits required by law by the policy under which a claim is made . . . .' Therefore, we must deny coverage for this loss." Thereafter, the appellant made a demand for arbitration of the claimed UM benefits under the USAA policy, and USAA commenced this proceeding to permanently stay the arbitration. The Supreme Court granted the petition, and we affirm.

Contrary to the appellant's contention on appeal, the disclaimer notice and "the policy language in question was not ambiguous and [USAA] is entitled to have the provisions it relied on to disclaim coverage enforced" (*Matter of USAA Cas. Ins. Co. v Hughes*, 35 AD3d 486, 487 [2006]; *see General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *Matter of New York Cent. Mut. Fire Ins. Co. v Polyakov*, 74 AD3d 820 [2010]; *Matter of Utica Mut. Ins. Co. v Reid*, 22 AD3d 127 [2005]). It is also undisputed that USAA sent timely notice of its disclaimer (*see St. Charles Hosp. & Rehabilitation Ctr. v Royal Globe Ins. Co.*, 18 AD3d 735 [2005]; *Kramer v Government Empls. Ins. Co.*, 269 AD2d 567 [2000]; *Can-Am Roofing v American States Ins. Co.*, 229 AD2d 973 [1996]). Accordingly, the Supreme Court properly granted the petition to permanently stay the arbitration (*see Matter of USAA Cas. Ins. Co. v Hughes*, 35 AD3d 486 [2006]).

The parties' remaining contentions either are without merit or have been rendered academic. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.