In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, the petitioner appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Leis III, J.), dated July 12, 2012, as denied that branch of the petition which sought to permanently stay arbitration, and (2) from an order of the same court entered October 25, 2012, which denied its motion for leave to reargue.
Ordered that the appeal from the order entered October 25, 2012, is dismissed, as no appeal lies from an order denying reargument; and it is further,
Ordered that the order dated July 12, 2012, is reversed insofar as appealed from, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.
The respondent sustained injuries as a result of a two-car accident. At the time of the accident, the respondent was a passenger in a vehicle which she owned and insured through Allstate Insurance Company. The respondent’s insurance policy (hereinafter the Allstate policy) provided for the statutory minimum coverage of $25,000 per person/$50,000 per incident, and supplementary underinsured/uninsured motorist (hereinafter SUM) insurance coverage at the minimum required coverage of $25,000 per person/$50,000 per incident. The other motor vehicle involved in the collision, which was insured under a policy issued by the Travelers Insurance Company (hereinafter the Travelers policy), also had the statutory minimum coverage of $25,000 per person/$50,000 per incident. The Travelers policy was tendered and was deemed to be an offset as against the Allstate policy. Determining that she could not make a claim as *673 against the Allstate policy under its SUM provisions, the respondent made a claim under an automobile insurance policy with a SUM endorsement issued to Use Avelar, a relative with whom she lived, by the petitioner, Government Employees Insurance Company (hereinafter GEICO). The policy issued by GEICO (hereinafter the GEICO policy) had SUM limits of $100,000 per person and $300,000 per incident. While acknowledging that the respondent was an “insured” under the terms of the GEICO policy, GEICO nonetheless issued a disclaimer on the ground that the claim was subject to a policy exclusion relating to the SUM endorsement. The respondent requested arbitration and GEICO commenced this proceeding, inter alia, to permanently stay the arbitration.
The Supreme Court denied that branch of the petition which was to permanently stay arbitration, determining that the exclusion upon which GEICO relied was not applicable to the respondent.
The policy language in question was not ambiguous, and GEICO was entitled to enforce the provisions upon which it relied so as to disclaim coverage (see Matter of USAA Cas. Ins. Co. v Cook, 84 AD3d 825, 826 [2011]; Matter of USAA Cas. Ins. Co. v Hughes, 35 AD3d 486, 487-488 [2006]; see generally Baughman v Merchants Mut. Ins. Co., 87 NY2d 589, 592 [1996]; Government Empls. Ins. Co. v Kligler, 42 NY2d 863, 864-865 [1977]). The SUM endorsement under the GEICO policy provided, in relevant part, that it did not apply “to bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made, or is not a newly acquired or replacement vehicle covered under the terms of this policy.” This language must be construed according to its plain and ordinary meaning. This GEICO policy exclusion unambiguously excluded from SUM coverage claims for compensation for bodily injuries sustained by an insured when injured in a motor vehicle accident while occupying a motor vehicle he or she owns, which vehicle was not covered under the GEICO policy (see Matter of New York Cent. Mut. Fire Ins. Co. v Polyakov, 74 AD3d 820, 822 [2010]; Matter of USAA Cas. Ins. Co. v Hughes, 35 AD3d at 488). There is no dispute that the respondent, at the time of the accident, was occupying a vehicle that she owned but was not covered under the subject policy (see Matter of New York Cent. Mut. Fire Ins. Co. v Polyakov, 74 AD3d at 822).
The parties’ remaining contentions are without merit.
Accordingly, that branch of the petition which was to *674 permanently stay arbitration should have been granted. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.