■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v SALVADOR BELTRAN, Appellant. [992 NYS2d 69]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Salvador Beltran appeals from an order of the Supreme Court, Richmond County (Corrigan, Ct. Atty. Ref.), dated September 9, 2013, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with costs.

The appellant sustained injuries as a result of a collision involving his motorcycle and an automobile. At the time of the accident, the appellant's motorcycle was insured by Dairyland Insurance Company, with statutory minimum coverage of $25,000 per person/$50,000 per incident and no supplementary uninsured/underinsured motorist (hereinafter SUM) coverage. The automobile involved in the collision also had the statutory minimum coverage of $25,000 per person/$50,000 per incident. The appellant commenced an action against the owner of the automobile, which was later settled for $25,000, the limit of the policy. At the time of the collision, the appellant also had an automobile insurance policy through the petitioner, Government Employees Insurance Company (hereinafter GEICO). The

GEICO policy had SUM limits of $100,000 per person/$300,000 per incident.

The appellant sought coverage under the SUM provisions of the GEICO policy. GEICO issued a disclaimer on the ground that the claim was subject to a policy exclusion that excluded SUM motorist coverage for bodily injury sustained by an insured while occupying a motor vehicle owned by the insured but not covered under the policy. Subsequently, the appellant made a demand for arbitration of his claim. GEICO commenced this proceeding to permanently stay arbitration of the claim. The Supreme Court granted the petition to permanently stay arbitration.

The policy language in question was not ambiguous and GEICO was entitled to have the provisions it relied on to disclaim coverage enforced (*see Matter of Government Empls. Ins. Co. v Avelar*, 108 AD3d 672, 673 [2013]; *Matter of USAA Cas. Ins. Co. v Cook*, 84 AD3d 825, 826 [2011]; *Matter of USAA Cas. Ins. Co. v Hughes*, 35 AD3d 486, 487-488 [2006]; *see generally Baughman v Merchants Mut. Ins. Co.*, 87 NY2d 589, 592 [1996]; *Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864-865 [1977]). The SUM endorsement under the subject policy provided, in relevant part, that it did not apply "to bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made, or is not a newly acquired or replacement vehicle covered under the terms of the policy." This language must be construed according to its plain and ordinary meaning. This policy exclusion unambiguously excluded from SUM coverage compensation for bodily injuries sustained by an insured when injured in a motor vehicle accident while occupying a motor vehicle he or she owns, which vehicle was not covered under the policy (*see Matter of Government Empls. Ins. Co. v Avelar*, 108 AD3d at 673; *Matter of New York Cent. Mut. Fire Ins. Co. v Polyakov*, 74 AD3d 820, 822 [2010]; *Matter of USAA Cas. Ins. Co. v Hughes*, 35 AD3d at 488). There is no dispute that the appellant, at the time of the accident, was occupying a vehicle, the motorcycle, that he owned but that was not covered under the subject policy (*Matter of New York Cent. Mut. Fire Ins. Co. v Polyakov*, 74 AD3d at 822).

The appellant's remaining contention is without merit. Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration. Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.