Matter of Government Employees Ins. Co. v Williams (2018 NY Slip Op 00554)





Matter of Government Employees Ins. Co. v Williams


2018 NY Slip Op 00554


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2017-03204
 (Index No. 600805/16)

[*1]In the Matter of Government Employees Insurance Company, appellant, 
v
Christopher Williams, respondent.


Russo & Tambasco, Melville, NY (Susan J. Mitola and James Hurley of counsel), for appellant.
Suris & Associates, P.C., Melville, NY (Susan R. Nudelman, Raymond Suris, and Brian Murtha of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered January 17, 2017. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of that court entered April 15, 2016, in effect, denying that branch of the petition which was to temporarily stay arbitration of a claim for underinsured motorist benefits pending a hearing on the issue of the applicability of a certain policy exclusion.
ORDERED that the order entered January 17, 2017, is reversed insofar as appealed from, on the law, with costs, upon reargument, so much of the order entered April 15, 2016, as, in effect, denied that branch of the petition which was to temporarily stay arbitration pending a hearing on the issue of the applicability of the subject policy exclusion is vacated, that branch of the petition is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
Christopher Williams sustained injuries as a result of a collision involving his motorcycle and an automobile. The automobile involved in the collision, which was insured under a policy issued by Allstate Insurance Company (hereinafter the Allstate policy), had the statutory minimum coverage of $25,000 per person and $50,000 per incident. The Allstate policy was tendered to Williams.
Williams made a claim under a supplementary uninsured/underinsured motorists (hereinafter SUM) endorsement in an automobile insurance policy issued to a relative with whom Williams allegedly lived by the petitioner, Government Employees Insurance Company (hereinafter GEICO). The policy issued by GEICO (hereinafter the GEICO policy) had SUM limits of $100,000 per person and $300,000 per incident. GEICO disclaimed coverage on the grounds that Williams was not an "insured" as that term was defined under the GEICO policy, and that the claim was subject to a policy exclusion in the SUM endorsement. Williams requested arbitration of his SUM claim. GEICO then commenced this proceeding pursuant to CPLR article 75, inter alia, to temporarily stay arbitration pending a hearing on the issue of whether Williams was an "insured" under the GEICO policy and the issue of whether the claim was subject to the policy exclusion in the SUM endorsement. In an order entered April 15, 2016, the Supreme Court granted that branch [*2]of the petition which was to temporarily stay arbitration pending a hearing on the issue of whether Williams was an "insured" under the GEICO policy and, in effect, denied that branch of the petition which was to temporarily stay arbitration pending a hearing on the issue of whether the claim was subject to the policy exclusion in the SUM endorsement.
GEICO moved for leave to reargue that branch of the petition which was to temporarily stay arbitration pending a hearing on the issue of whether the claim was subject to the policy exclusion in the SUM endorsement. In an order entered January 17, 2017, the Supreme Court granted GEICO leave to reargue and, upon reargument, adhered to its original determination in the order entered April 15, 2016. GEICO appeals from so much of the order entered January 17, 2017, as adhered to the original determination, in effect, denying that branch of the petition which was to temporarily stay arbitration pending a hearing on the issue of whether the claim was subject to the policy exclusion in the SUM endorsement.
At the outset, we reject Williams's contention that the appeal should be dismissed as untimely taken. Williams did not move to dismiss the appeal on this ground, and the record does not establish that the time within which to take an appeal from the January 17, 2017 order expired before GEICO filed its notice of appeal (see CPLR 5513).
" The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002, quoting Matter of AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336; see Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864, 865; Matter of Farmers Ins./Truck Ins. Exch. v Terzulli, 112 AD3d 628, 628). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Hertz Corp. v Holmes, 106 AD3d at 1003).
Here, the SUM endorsement in the GEICO policy provided, in relevant part, that SUM coverage did not apply "to bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under this terms of this policy." This policy exclusion excludes from SUM coverage compensation for bodily injuries sustained by an insured when injured in a motor vehicle accident while occupying a motor vehicle he or she owns, which vehicle was not covered under the policy.
The issue of whether this policy exclusion excludes coverage in this case must be determined by the Supreme Court, and not the arbitrator (see e.g. Matter of Government Empls. Ins. Co. v Beltran, 120 AD3d 684, 685; Matter of Government Empls. Ins. Co. v Avelar, 108 AD3d 672, 673-674). GEICO met its initial burden of demonstrating that a factual issue exists as to the applicability of this exclusion. GEICO submitted the SUM benefits claim form, signed by Williams and the policyholder, which disclosed that Williams was operating his motorcycle at the time of the accident and that the motorcycle purportedly had coverage under a different GEICO policy at the time of the accident. Therefore, a hearing should have been held to determine if the exclusion applied (see Matter of Government Empls. Ins. Co. v Avelar, 108 AD3d at 673; Matter of New York Cent. Mut. Fire Ins. Co. v Polyakov, 74 AD3d 820, 822; Matter of USAA Cas. Ins. Co. v Hughes, 35 AD3d 486, 488).
The parties' remaining contentions are without merit.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court