Matter of GEICO Ins. Co. v Rice (2018 NY Slip Op 08651)





Matter of GEICO Ins. Co. v Rice


2018 NY Slip Op 08651


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-11562
2016-02439
 (Index No. 4501/15)

[*1]In the Matter of GEICO Insurance Company, petitioner-respondent, 
v
Davon Rice, appellant, Progressive Group of Insurance Companies, respondent-respondent.


Sobo & Sobo, LLP, Middletown, NY (Brett Peter Linn of counsel), for appellant.
Bryan M. Kulak (Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for petitioner-respondent.
Adams, Hanson, Rego & Kaplan,Yonkers, NY (Michael A. Zarkower of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, Davon Rice appeals from (1) an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated September 30, 2015, and (2) an order of the same court dated January 13, 2016. The order dated September 30, 2015, granted that branch of the petition which was to permanently stay arbitration. The order dated January 13, 2016, insofar as appealed from, upon reargument, adhered to the determination in the order dated September 30, 2015.
ORDERED that the appeal from the order dated September 30, 2015, is dismissed, as that order was superseded by the order dated January 13, 2016, made upon reargument; and it is further,
ORDERED that the order dated January 13, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner, payable by the appellant.
On October 7, 2014, the appellant, Davon Rice, a New York resident, was visiting his aunt in Pennsylvania. At some point during the visit, a friend of Rice's cousin requested the keys to Rice's vehicle, because the friend claimed that he had dropped his house keys in the backseat. The friend failed to return, and Rice later found his vehicle double-parked in the street. Upon approaching the vehicle, Rice placed his hand into a partially opened window to unlock the door, at which point the vehicle moved forward and dragged Rice along the roadway.
When his own insurer disclaimed coverage, Rice, who resided with his mother, made a claim under her automobile insurance policy, which contained a supplementary underinsured/uninsured motorist (hereinafter SUM) endorsement issued by the petitioner, GEICO Insurance Company (hereinafter GEICO). Rice requested arbitration, and GEICO commenced this proceeding, inter alia, to permanently stay arbitration.
The Supreme Court granted that branch of the petition which was to permanently stay arbitration, determining that the exclusion upon which GEICO relied applied to Rice. Upon reargument, the court adhered to its original determination.
The policy language in question provided, in relevant part, that the SUM endorsement under the policy did not apply "to bodily injury to an insured incurred while occupying a motor vehicle owned by that insured, if such motor vehicle is not insured for SUM coverage by the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of this policy" (emphasis in original). The term "occupying" was defined in the policy as "in, upon, entering into, or exiting from a motor vehicle." This policy language was not ambiguous, and GEICO was entitled to enforce the provision to disclaim coverage (see Matter of Government Empls. Ins. Co. v Avelar, 108 AD3d 672; Matter of USAA Cas. Ins. Co. v Cook, 84 AD3d 825, 826; Matter of USAA Cas. Ins. Co. v Hughes, 35 AD3d 486, 487-488; see generally Baughman v Merchants Mut. Ins. Co., 87 NY2d 589, 592; Government Empls. Ins. Co. v Kligler, 42 NY2d 863, 864-865). Here, GEICO made a prima facie showing that Rice was "occupying" his own vehicle and not the vehicle insured by GEICO under his mother's policy (see MDW Enters. v CNA Ins. Co., 4 AD3d 338). In opposition, Rice failed to rebut GEICO's prima facie showing. Further, we agree with the Supreme Court's consideration of the evidence submitted by GEICO in reply, as Rice was afforded the opportunity to submit a surreply (see Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776; Valure v Century 21 Grand, 35 AD3d 591, 592; Hoffman v Kessler, 28 AD3d 718, 719).
Rice's remaining contention is not properly before this Court.
Accordingly, we agree with the Supreme Court's determination, upon reargument, adhering to its original determination granting that branch of the petition which was to permanently stay arbitration.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court