■ IAN McALLEY et al., Respondents, v BOISE-GRIFFIN STEAMSHIP CO., INC., et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County, entered October 29, 1980 which denied motion of defendants-appellants, Christian Haaland & Co. and Boise-Griffin Steamship Co., Inc., to stay, pending arbitration, the first cause of action of plaintiff Elizabeth Virgo, and the first, second and third causes of plaintiff H. J. Burley Smith as against said defendants contained in the amended complaint of plaintiffs, and in addition, the order of the Supreme Court, New York County, entered October 1, 1980, which denied said defendants a stay of those causes of action, pending arbitration between other parties (defendants-appellants and coplaintiffs Ian McCalley and Western Atlantic Holdings, Ltd.), unanimously reversed, on the law, with costs, and the respective motions for a stay of those causes of action pending arbitration granted. Appeal from the order of the Supreme Court, New York County, entered October 10, 1980 is dismissed as abandoned, without costs. Plaintiffs, in the original complaint seeking damages under a number of causes of action for alleged breach of a contract of employment, relied on a telex of June 22, 1977 as evidencing their agreement with defendant corporations. The telex, among other provisions, contained a paragraph that "Any unsettled disputes will be put to arbitration in Oslo under Norwegian law." Plaintiffs thereafter served an amended complaint which eliminated any reference to the telex of June 22, but referred rather to "The June agreements" which were "evidenced by a telex dated June 22, 1977." By recourse to the amended complaint plaintiffs seek to avoid the arbitration demanded by defendant corporations. An agreement to arbitrate must be in writing (CPLR 7501). There is no requirement that such a writing be signed by a party against whom arbitration is sought *(Fisser v International Bank,* 282 F2d 231, 233; *Crawford v Merrill Lynch, Pierce, Fenner & Smith,* 35 NY2d 291, 299; *Nussdorf v Esses & Co.,* 63 AD2d 619). In the appeal at bar, plaintiffs rely upon the agreement evidenced in the telex of June 22, 1977 but maintain that the particular provision requiring arbitration is not binding upon them. Inasmuch as the agreement has been adopted by plaintiffs as the basis for their respective claims, it is evident that they did agree that their unsettled disputes "should" be put to arbitration. Special Term was in error in ruling that the arbitration clause was not binding upon plaintiffs Smith and Virgo because they were not signatories to the telex. It appears defendants-appellants "elected" not to pursue their appeal from the order of October 10, 1980. In

such circumstances we consider the appeal from that order abandoned. Concur — Birns, J. P., Carro, Silverman, Bloom and Fein, JJ.