■ DENNIS W. THIES et al., Appellants, v BRYAN CAVE LLP, Respondent, et al., Defendant. [826 NYS2d 54]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered March 20, 2006, which, to the extent appealed from, granted defendant Bryan Cave LLP's motion to stay plaintiffs' legal malpractice action as against it pending arbitration, unanimously affirmed, with costs.

The court properly determined that the subject arbitration provision was enforceable and granted Bryan Cave's motion to stay the legal malpractice action against it pending arbitration. When it was retained by plaintiffs, Bryan Cave sent engagement letters, which were executed by plaintiffs, clearly advising

them that the contract contained a binding arbitration provision, which set forth in detail the procedures for dispute resolution. The parties were free to agree to arbitrate disputes (*see Matter of Derfner & Mahler v Rhoades*, 257 AD2d 431 [1999]), and the commercially sophisticated plaintiffs were informed of the ramifications of the arbitration provision and invited to contact Bryan Cave with any concerns. Contrary to plaintiffs' suggestions, the arbitration provision was not unconscionable. The provision is clearly not the product of disparate bargaining power and there is no evidence that plaintiffs lacked meaningful choice or were otherwise pressured into executing the engagement letters (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Gonzalez, Sweeny and Catterson, JJ.