■ ARROWHEAD GOLF CLUB, LLC, Appellant, v BRYAN CAVE, LLP, et al., Respondents. [873 NYS2d 620]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 15, 2008, which granted defendants' motion to compel arbitration of plaintiff's claims and dismissed the complaint, unanimously affirmed, with costs.

The arbitration provision was enforceable, as evidenced by plaintiff's intent to be bound by the retainer agreements included therein (*God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371 [2006]). Plaintiff's adoption of those agreements as the basis for its claims signaled its intention to put this dispute to arbitration (*see McAlley v Boise-Griffin S. S. Co.*, 81 AD2d 771 [1981], *appeal dismissed* 54 NY2d 827 [1981]).

Contrary to plaintiff's suggestions, the arbitration provision was not unconscionable. The provision is clearly not the product of disparate bargaining power or deceptive language in the contract, and there is no evidence that plaintiff lacked meaningful choice or was otherwise pressured into executing the engagement letters containing the provision (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988]; *Thies v Bryan Cave LLP*, 35 AD3d 252 [2006]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ. [*See* 2008 NY Slip Op 31108(U).]