In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 28, 2012, which denied that branch of the petition which was to temporarily stay arbitration of the supplementary uninsured motorist claim pending a framed-issue hearing, in effect, *1002 denied that branch of the petition which was for joinder of the proposed additional respondents, Travelers Insurance Company and Precious Morrison, and, in effect, denied the branch of the petition which was for a permanent stay of arbitration and dismissed the proceeding.
Ordered that the order is reversed, on the law, with costs, the petition is reinstated, those branches of the petition which were to temporarily stay arbitration of the supplementary uninsured motorist claim pending a framed-issue hearing and for the joinder of the proposed additional respondents, Travelers Insurance Company and Precious Morrison, are granted, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing to determine whether the vehicle owned by Precious Morrison was involved in the subject accident, and a new determination thereafter on that branch of the petition which was for a permanent stay of arbitration.
On September 8, 2011, the respondent, Lashawn Holmes, was operating a rental vehicle which was owned and self-insured by the petitioner, the Hertz Corporation (hereinafter Hertz), when it was involved in a collision with another vehicle near the intersection of East 108th Street and Flatlands Avenue in Brooklyn. The other vehicle allegedly left the scene of the accident. Holmes described the other vehicle as a sport utility vehicle. A copy of the police accident report contained a license plate number for the other vehicle, but only the last four digits were legible. After conducting an investigation, Hertz concluded that the other vehicle was owned and insured by Precious Morrison and Travelers Insurance Company (hereinafter Travelers), respectively. Morrison denied any involvement in the accident, and on that basis, Travelers denied Holmes’s property damage claim. Thereafter, Holmes requested supplementary uninsured motorist arbitration with Hertz, and Hertz commenced this proceeding to permanently stay arbitration of the claim, or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing to determine whether the vehicle owned by Morrison was involved in the accident. The Supreme Court denied that branch of Hertz’s petition which was to temporarily stay arbitration pending a framed-issue hearing, in effect, denied that branch of the petition which was for joinder of Travelers and Morrison as additional respondents, and, in effect, denied that branch of the petition which was for a permanent stay of arbitration and dismissed the proceeding.
“The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay” (Matter of *1003 AutoOne Ins. Co. v Umanzor, 74 AD3d 1335, 1336 [2010]; see Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d 580, 581 [2012]). Thereafter, the burden is on the party opposing the stay to rebut the prima facie showing (see Matter of Metropolitan Prop. & Cas. Ins. Co. v Singh, 98 AD3d at 581; Matter of American Intl. Ins. Co. v Giovanielli, 72 AD3d 948, 949 [2010]). Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue (see Matter of Allstate Ins. Co. v Aizin, 102 AD3d 679, 681 [2013]).
Here, the documents submitted by Hertz in support of the petition demonstrated the existence of sufficient evidentiary facts to establish a preliminary issue justifying a temporary stay. In opposition to the petition, Morrison denied any involvement in the accident. As the evidence submitted by the parties raised a triable issue of fact as to whether Morrison’s vehicle was involved in the subject accident, the Supreme Court should have conducted a framed-issue hearing on that issue before rendering a determination on the petition (see Matter of Allstate Ins. Co. v Aizin, 102 AD3d at 681-682; Matter of Victoria Select Ins. Co. v Munar, 80 AD3d 707, 707-708 [2011]; Matter of AIU Ins. Co. v Cabreja, 301 AD2d 448, 449 [2003]), and should have joined Travelers and Morrison as additional respondents (see Victoria Select Ins. Co. v Munar, 80 AD3d at 707-708; Matter of Aetna Cas. & Sur. Co. v Arhaniotis, 202 AD2d 497, 498 [1994]). Accordingly, we must reverse the order appealed from, grant those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing and for the joinder of Morrison and Travelers as additional respondents, and remit the matter to the Supreme Court, Kings County, for a framed-issue hearing to determine whether the vehicle owned by Morrison was involved in the subject accident, and for a new determination thereafter on that branch of the petition which was for a permanent stay of arbitration. Dillon, J.E, Chambers, Austin and Roman, JJ., concur.