In the Matter of 44 LEXINGTON ASSOCIATES, LLC, Appellant, v SUPREME SECURITY SYSTEMS, LTD., Respondent. [32 NYS3d 100]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered October 22, 2015, which denied the petition to stay arbitration, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a hearing on the validity of the 2014 agreement.

Petitioner, who argued that its representative was defrauded into signing, or lacked authority to sign, the contract purportedly signed by the parties in 2014 (2014 agreement), raised a threshold question regarding the validity of that agreement,

which is for the court, rather than an arbitrator, to determine (*Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 6 [1980]; *M.I.F. Sec. Co. v Stamm & Co.*, 94 AD2d 211, 213 [1st Dept 1983], *affd in part* 60 NY2d 936 [1983]; *see also* CPLR 7503 [a], [b]).

To the extent that respondent relies on an arbitration clause in a contract the parties signed in 2009 (2009 agreement), the 2009 agreement, even if valid, is unrelated to the instant dispute. Respondent's services, in installing and maintaining additional security equipment in 2014, were rendered in connection with the 2014 agreement, which is the contract underlying the breach of contract claim that respondent seeks to arbitrate.

Finally, we perceive no basis to dismiss the petition. Petitioner filed the petition within the required 20 days after service of the notice of demand for arbitration, and served the petition and order to show cause by the deadline the court directed in the order to show cause, which the court deemed "good and sufficient service" (*see* CPLR 306-b, 7503 [c]). Petitioner's mere failure to serve a notice of commencement of action subject to mandatory electronic filing (22 NYCRR 202.5-bb [a]) along with its petition and supporting papers does not warrant dismissal here, as respondent had notice of the electronic filing, electronically filed its cross motion to dismiss, and did not cite any prejudice resulting from this omission. Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.