Matter of Government Empls. Ins. Co. v Williams (2019 NY Slip Op 05660)





Matter of Government Empls. Ins. Co. v Williams


2019 NY Slip Op 05660


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-05386
 (Index No. 709949/15)

[*1]In the Matter of Government Employees Insurance Company, petitioner-respondent, 
v
Keshia Williams, et al., appellants; Jeffrey McRae, et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone and Stephenie L. Bross of counsel), for appellants.
Gail S. Lauzon (Russo & Tambasco, Melville, NY [Susan J. Mitola and Ahmed Elzoghby], of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Keshia Williams and Tayquan Shields appeal from a judgment of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered April 7, 2017. The judgment granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the judgment is reversed, on the law, with costs, those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents Jeffrey McRae, Taryn McRae, and Liberty Mutual Fire Insurance Company are granted, and the matter is remitted to the Supreme Court, Queens County, for a framed-issue hearing to determine whether the vehicle owned by Jeffrey McRae was involved in the subject accident, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
Keshia Williams and Tayquan Shields were sitting in Williams's parked vehicle when it was struck by a vehicle, which subsequently fled the scene of the accident. Williams and Shields reported a license plate number for the hit-and-run vehicle to the police. That license plate number was registered to a vehicle owned by Jeffrey McRae (hereinafter the McRae vehicle) and insured by Liberty Mutual Fire Insurance Company (hereinafter Liberty Mutual). After discovering that the McRae vehicle was purportedly undergoing repair at Bical Chevrolet on the date of the accident, Williams and Shields demanded arbitration of their claim for uninsured motorist benefits from Williams's insurer, Government Employees Insurance Company (hereinafter GEICO).
GEICO commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of the claim for uninsured motorist benefits or, in the alternative, to temporarily stay arbitration pending a framed-issued hearing and for joinder of proposed additional respondents Jeffrey McRae, Taryn McRae, and Liberty Mutual. In an order dated March 31, 2016, the Supreme Court granted a temporary stay of arbitration, joined the McRaes and Liberty Mutual as respondents, and directed a hearing to determine, inter alia, whether the McRae vehicle was involved in the accident. GEICO subsequently moved to amend the petition by joining Bical Chevrolet as a [*2]respondent. In support, GEICO submitted evidence that Bical Chevrolet was insured by Merchants Insurance Group. Based on GEICO's submissions in support of the petition and its motion to amend, the court vacated the prior order and granted that branch of the petition which was to permanently stay arbitration. Williams and Shields appeal.
GEICO, as the party seeking a stay of arbitration, met its burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay (see Matter of Hereford Ins. Co. v McKoy, 160 AD3d 734, 736; Matter of Hertz Corp. v Holmes, 106 AD3d 1001). GEICO met this burden by submitting evidence that on the date of the accident, the McRae vehicle was insured by Liberty Mutual.
The burden then shifted to Williams and Shields, as the parties opposing the stay, to rebut that prima facie showing (see Matter of Hereford Ins. Co. v McKoy, 160 AD3d at 736; Matter of Merchants Preferred Ins. Co. v Waldo, 125 AD3d 864). Williams and Shields submitted evidence that the McRae vehicle was being repaired at the time of the accident, raising an issue of fact as to whether the McRae vehicle could have been involved in the accident. Since an issue of fact was raised, arbitration should be temporarily stayed, the putative hit-and-run parties joined as respondents, and a framed-issue hearing conducted, before a determination is made on that branch of the petition which was to permanently stay arbitration (see Matter of Allstate Ins. Co. v Deleon, 159 AD3d 895; Matter of Hertz Corp. v Holmes, 106 AD3d 1001).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court