T&M Trusteeship & Mgt. Servs. SA v BDO USA, LLP (2021 NY Slip Op 01494)





T&M Trusteeship & Mgt. Servs. SA v BDO USA, LLP


2021 NY Slip Op 01494


Decided on March 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

Before: Webber, J.P., Kern, Scarpulla, Mendez, JJ. 


Index No. 162066/19 Appeal No. 13334N Case No. 2020-03772 

[*1]T&M Trusteeship and Management Services SA etc., et al., Plaintiffs-Appellants,
v
BDO USA, LLP, et al., Defendants-Respondents.


Goetz Fitzpatrick LLP, New York (John B. Simoni, Jr. of counsel), for appellants.
McDermott Will & Emery LLP, New York (Jason D. Gerstein of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 31, 2020, which granted defendants' motion to compel arbitration, unanimously affirmed, with costs.
This case revolves around the proceeds of the 2014 closing and the resulting tax liability of plaintiffs' 2011 to 2014 purchase, renovation, and sale of an apartment, and thus Supreme Court correctly determined that the 2011-2014 Engagement Agreements gave rise to plaintiffs' claims (see Arrowhead Golf Club, LLC v Bryan Cave, LLP, 59 AD3d 347, 347 [1st Dept 2009]). Even if only certain causes of action were subject to the mandatory arbitration provisions of the Engagement Agreements, "[w]here arbitrable and nonarbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where, as here, the determination of issues in arbitration may well dispose of nonarbitrable matters" (County Glass & Metal Installers, Inc. v Pavarini McGovern, LLC, 65 AD3d 940, 940 [1st Dept 2009] [internal quotation marks and citation omitted]).
Plaintiffs contend that no one on their part with authority signed the Engagement Agreements, and that Supreme Court therefore did not have the power to refer this matter to arbitration (Matter of 44 Lexington Assoc., LLC v Supreme Sec. Sys., Ltd., 139 AD3d 517, 517-518 [1st Dept 2016]); however, the 2014 Engagement Agreement of which plaintiffs complain included each party's express agreement that it "has all requisite power and authority to execute and deliver this Agreement and to carry out and perform its respective obligations hereunder [and that] [t]his Agreement constitutes the legal, valid and binding obligations of each party, enforceable against such party in accordance with its terms." Nor have plaintiffs submitted any evidence that they, "lacked meaningful choice or [were] otherwise pressured into executing the engagement letters containing the provision" (Arrowhead Golf Club, LLC v Bryan Cave, LLP, 59 AD3d 347, 348 [1st Dept 2009]), as this was a commercially sophisticated real estate investor that freely, and annually, signed Engagement Agreements for tax services that clearly disclosed the existence, scope, and all implications of the arbitration provisions.
The litigation was correctly stayed as to the individual defendants, who, although nonsignatories to the arbitration agreements, were employees, partners, and agents of BDO during the relevant time period and, acting for BDO, performed services for plaintiffs (see Hirschfeld Prods. v Mirvish, 88 NY2d 1054, 1056 [1996]; DiBello v Salkowitz, 4 AD3d 230, 232 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 11, 2021