Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC (2022 NY Slip Op 01791)





Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC


2022 NY Slip Op 01791


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-08631 
2019-12230
 (Index No. 613852/18)

[*1]In the Matter of Northeast & Central Contractors, Inc., appellant, et al., petitioner, 
v
Quanto Capital, LLC, et al., respondents-respondents, et al., proposed additional respondents.


Robert T. Bean, Brooklyn, NY, for appellant.
Klose & Associates, P.C., Nyack, NY (Peter Klose of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner Northeast & Central Contractors, Inc., appeals from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered December 11, 2018, and (2) an order of the same court entered October 3, 2019. The order entered December 11, 2018, in effect, denied the petition. The order entered October 3, 2019, denied the petitioners' motion for leave to renew and reargue the petition.
ORDERED that the order entered December 11, 2018, is reversed, on the law, and the petition is granted; and it is further,
ORDERED that the appeal from so much of the order entered October 3, 2019, as denied that branch of the petitioners' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order entered October 3, 2019, as denied that branch of the petitioners' motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order entered December 11, 2018; and it is further,
ORDERED that one bill of costs is awarded to the petitioner Northeast & Central Contractors, Inc.
Northeast & Central Contractors, Inc. (hereinafter NCC), is a New York corporation that provides financing, loans, and other investments to private companies. Om P. Soni is the president of NCC. Antoinette D. Coltrane Graves is the chief executive officer of Action Modified Finance AG, Inc. (hereinafter AMF), a corporation based in North Carolina that provides businesses with commercial loans, mortgages, and alternative financing arrangements. In 2017, NCC entered into a joint venture private trade agreement with AMF that was limited to one transaction and a duration of 90 days.
Paul Gagne is the principal of Quanto Capital, LLC (hereinafter Quanto), a Delaware limited liability company that, among other things, invests and manages foreign exchange funds. According to Gagne, in 2018, Graves represented that she was NCC's director of finance, that AMF was a division of NCC, that she was authorized to enter into contracts on behalf of both AMF and NCC, and that NCC would loan Quanto $2 million to fund its operations. In a letter of intent dated July 12, 2018, and signed by Gagne, TBS Solutions 7704485 Canada, Inc. (hereinafter TBS Solutions), and its principal, Bruce Fraser, agreed to assist Quanto in obtaining a $3 million loan, and Quanto agreed to pay a security deposit of $100,000. In a side letter also dated July 12, 2018, TBS Solutions and Fraser committed to making a $3 million "participating loan" to Gagne and Quanto pursuant to the letter of intent. The side letter provided that if "AMF/NCC" did not complete the loan, then the $100,000 security deposit would be returned to Quanto. Graves signed the side letter as a "duly authorized officer of AMF/NCC" and made a personal guarantee to return the deposit if the loan was not granted. The loan never materialized.
In a demand for arbitration dated September 21, 2018, Quanto and Gagne (hereinafter together the respondents) alleged, in effect, that NCC and Soni, TBS Solutions and Fraser, and AMF and Graves were in default of certain loan agreements, including the side letter, which contained a provision to arbitrate any dispute related thereto. In October 2018, NCC and Soni (hereinafter together the petitioners) commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. They contended, among other things, that neither Graves nor AMF had the authority to act on their behalf regarding the purported transaction with the respondents and that the petitioners were, in fact, strangers to this transaction. In an order entered December 11, 2018, the Supreme Court, in effect, denied the petition and directed the parties to arbitrate the dispute. Thereafter, the petitioners moved for leave to renew and reargue the petition. In an order entered October 3, 2019, the court denied the motion. NCC appeals from both orders.
"Arbitration is a matter of contract, grounded in agreement of the parties" (Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d 626, 630 [citation and internal quotation marks omitted]; see Revis v Schwartz, 192 AD3d 127, 142). "Inasmuch as an arbitration clause is a contractual right, the general rule is that only a party to an arbitration agreement is bound by or may enforce the agreement" (Revis v Schwartz, 192 AD3d at 142 [internal quotation marks omitted]; see Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 630). However, "[a] nonsignatory may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency" (Matter of Jefferies & Co., Inc. v Infinity Equities I, LLC, 66 AD3d 540, 541). Thus, an agent acting within the scope of its authority may bind a principal to arbitration in connection with a particular transaction (see id. at 541).
"[A]s a general matter, on a motion to compel or stay arbitration, a court must determine, 'in the first instance . . . whether parties have agreed to submit their disputes to arbitration and, if so, whether the disputes generally come within the scope of their arbitration agreement'" (Revis v Schwartz, 192 AD3d at 134, quoting Sisters of St. John the Baptist, Providence Rest Convent v Geraghty Constructor, 67 NY2d 997, 998). The threshold issue of whether there is a valid agreement to arbitrate is for the court and not the arbitrator to determine (see Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 598; Ferrarella v Godt, 131 AD3d 563, 565).
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d 695, 696 [internal quotation marks omitted]; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d 679, 680; Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Travelers Personal Ins. Co. v Hanophy-Ryan, 200 AD3d at 696 [internal quotation marks omitted]; see Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680; Matter of Hertz Corp. v Holmes, 106 AD3d at 1002). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Government Empls. Ins. Co. v Tucci, 157 AD3d at 680; see Matter of Hertz Corp. v Holmes, 106 AD3d at 1002-1003).
Here, the petitioners raised a threshold issue regarding the validity of the purported agreement to arbitrate, as they contended that they did not sign, and that neither Graves nor AMF had the authority to sign, any contract on their behalf concerning the purported transaction involving the respondents. Thus, this threshold issue was for the Supreme Court, rather than an arbitrator, to determine (see Matter of 44 Lexington Assoc., LLC v Supreme Sec. Sys., Ltd., 139 AD3d 517, 517-518; see also Alam v Uddin, 160 AD3d 915, 917).
Moreover, the petitioners' submissions in support of the petition demonstrated, prima facie, that while NCC and AMF entered into a joint venture private trade agreement in December 2017, it was limited in duration to 90 days, and any authority given to Graves by the petitioners was expressly limited to the transaction encompassed by the joint venture private trade agreement. Thus, the petitioners demonstrated that neither Graves nor AMF had authority to act on the petitioners' behalf with regard to the transaction at issue involving the respondents or to sign the side letter that included the provision to arbitrate, and, in opposition, the respondents failed to raise an issue of fact (see Hallock v State of New York, 64 NY2d 224, 231; Shefa Trading III, LLC v E.N.Y. Plaza, LLC, 192 AD3d 937; Matter of 121 Willow, LLC v Board of Assessors of the County of Nassau, 181 AD3d 587, 589). Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration (see Matter of Bank of N.Y. [UBS Warburg], 4 AD3d 112, 113).
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court