Matter of Infinity Indem. Ins. Co. v Leo (2023 NY Slip Op 01003)

Matter of Infinity Indem. Ins. Co. v Leo

2023 NY Slip Op 01003

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-10799
 (Index No. 609505/16)

[*1]In the Matter of Infinity Indemnity Insurance Company, petitioner-respondent, 
v
Jessica Leo, et al., appellants; Government Employees Insurance Company, et al., proposed additional respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.
Torino & Bernstein, P.C., Mineola, NY (Thomas B. Hayn of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, Jessica Leo, Lia Alexis, and Roger Vernet appeal from a judgment of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated September 9, 2019. The judgment, upon an order of the same court dated January 2, 2018, inter alia, in effect, upon reargument, adhering to a prior determination in an order of the same court dated April 12, 2017, granting that branch of the petition which was to permanently stay arbitration, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the judgment is reversed, on the law, with costs, upon reargument, the order dated April 12, 2017, is vacated and those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing to determine whether the proposed additional respondents' vehicle was involved in the accident and for joinder of the proposed additional respondents are granted, the order dated January 2, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a framed-issue hearing to determine whether the proposed additional respondents' vehicle was involved in the accident, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
On September 11, 2015, the appellants allegedly were passengers in a vehicle owned and operated by Saintilien Frantzson and were injured in an accident with an uninsured vehicle. On November 16, 2016, the appellants filed a demand for arbitration of their claim for uninsured motorist benefits from the petitioner, Infinity Indemnity Insurance Company (hereinafter Infinity). Infinity commenced this proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of the appellants' claim, contending that the appellants had not established a valid claim for uninsured motorist benefits because they had not established that the offending vehicle was uninsured. In the alternative, Infinity sought to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents, Government Employees Insurance Company (hereinafter GEICO) and Paulette A. Perry. The appellants and the proposed additional respondents opposed the petition. In an order dated April 12, 2017, the Supreme Court granted that [*2]branch of the petition which was to permanently stay arbitration.
Thereafter, the appellants moved for leave to reargue that branch of the petition which was to permanently stay arbitration, contending that the Supreme Court should have temporarily stayed arbitration pending a framed-issue hearing on the issue of involvement. In an order dated January 2, 2018, the court, inter alia, in effect, granted reargument and, upon reargument, adhered to the prior determination granting that branch of the petition which was to permanently stay arbitration. A judgment was then issued upon the order dated January 2, 2018, granting that branch of the petition which was to permanently stay arbitration, and this appeal ensued.
As the Supreme Court reviewed the appellants' contentions on their motion for leave to reargue, the court, in effect, granted reargument and, upon reargument, adhered to the prior determination (see Mondesir v Sterling, 149 AD3d 1067; Stile v Jen Mar. Dev., LLC, 69 AD3d 707). We review the propriety of that order on the appeal from the judgment (see CPLR 5501[a][1]).
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d 925, 928 [internal quotation marks omitted]; see Matter of Hertz Corp. v Holmes, 106 AD3d 1001, 1002). "Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing" (Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d at 928 [internal quotation marks omitted]; see Matter of Hertz Corp. v Holmes, 106 AD3d at 1003). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d at 928 [internal quotation marks omitted]; see Matter of Hertz Corp. v Holmes, 106 AD3d at 1003).
Here, the appellants concede that Infinity satisfied its prima facie burden of showing sufficient evidentiary facts to establish a preliminary issue that would justify a stay of arbitration. In support of its petition, Infinity submitted, inter alia, an affidavit from its investigator, who stated that he found that a claim for property damage was previously made to GEICO arising out of the subject accident, under claim number 0139272210101126. In opposition, the appellants raised issues of fact as to whether GEICO's insured was involved in the accident (see Matter of Government Empls. Ins. Co. [Hernandez], 192 AD3d 405, 405; Matter of Country-Wide Ins. Co. v Santos, 175 AD3d 1530; Matter of Hertz Corp. v Holmes, 106 AD3d at 1003).
Accordingly, upon reargument, the Supreme Court should have vacated the order dated April 12, 2017, and granted those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing to determine whether the proposed additional respondents' vehicle was involved in the accident and for joinder of the proposed additional respondents (see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1189).
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court