Matter of Jackson v Motor Veh. Acc. Indem. Corp. (2023 NY Slip Op 03464)

Matter of Jackson v Motor Veh. Acc. Indem. Corp.

2023 NY Slip Op 03464

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-03159
 (Index No. 510552/19)

[*1]In the Matter of Kevin Jackson, respondent,
v
Motor Vehicle Accident Indemnification Corporation, appellant.

Kornfeld Rew Newman & Simeone, Suffern, NY (William S. Badura of counsel), for appellant.
Greenstein & Milbauer, LLP, New York, NY (Bart Pittari of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Kings County (Mark Partnow, J.), dated April 14, 2021. The order granted the petition.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The petitioner commenced the instant proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) to recover damages for injuries he allegedly sustained on March 8, 2018, when he was a "bicyclist" and was struck by a vehicle that left the scene. Annexed to the petition was a copy of a police accident report which included an accident diagram wherein the vehicle the petitioner was operating was described as an "electric bike." In opposition, the MVAIC submitted a copy of the petitioner's deposition testimony, in which the petitioner testified, among other things, that the "electric bike" he was operating at the time of the accident was not equipped with pedals, was powered by an electric battery that must be charged in order for the vehicle to operate, and was "probably" capable of reaching a speed of approximately 30 miles per hour. The Supreme Court granted the petition. MVAIC appeals.
"MVAIC was created in 1958 to compensate innocent victims of hit-and-run motor vehicle accidents" (Matter of Melville v Motor Veh. Acc. Indem. Corp., 210 AD3d 783, 784; see Matter of Acosta-Collado v Motor Veh. Acc. Indem. Corp., 103 AD3d 714). "Insurance Law § 5218 sets forth the procedure for applying to a court for leave to commence an action against MVAIC in a hit-and-run case" (Matter of Quiridumbay v Motor Veh. Acc. Indem. Corp., 176 AD3d 717, 718).
A court may make an order permitting a person injured in a hit-and-run collision to commence an action against MVAIC to recover damages if the court is satisfied that, among other things, "the injured . . . person was not at the time of the accident operating an uninsured motor vehicle" (Insurance Law § 5218[b][3]; see Matter of Levy v Motor Veh. Acc. Indem. Corp., 81 AD2d [*2]816, 816, affd 56 NY2d 694). "Uninsured motor vehicle" for purposes of the MVAIC Act is defined by reference to the definition of "motor vehicle" set forth in Vehicle and Traffic Law § 125 (see Insurance Law § 5202[a], [c], [d]). "Motor vehicle" is defined by Vehicle and Traffic Law § 125 as "[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power," with certain enumerated exceptions.
Here, in opposition to the petition, MVAIC established as a matter of law that the electric-powered vehicle operated by the petitioner at the time of the accident was an uninsured motor vehicle (see Insurance Law § 5202[a], [c], [d]; Vehicle and Traffic Law § 125). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding (see Insurance Law § 5218[b][3]; Matter of Levy v Motor Veh. Acc. Indem. Corp., 81 AD2d at 816; see also CPLR 409[b]; cf. Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 233).
The petitioner's contention that certain amendments to Vehicle and Traffic Law § 125 should be given retroactive effect is raised for the first time on appeal, and we decline to consider it (see LNV Corp. v Allison, 206 AD3d 710, 714; Wells Fargo Bank v Islam, 174 AD3d 670, 672).
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court