Matter of Standard Fire Ins. Co. v Sanchez (2023 NY Slip Op 06373)

Matter of Standard Fire Ins. Co. v Sanchez

2023 NY Slip Op 06373

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-03394
 (Index No. 509755/21)

[*1]In the Matter of Standard Fire Insurance Company, petitioner-respondent, 
v
Jonathan Sanchez, et al., respondents, Tyree David White, appellant.

Ibragimov Law Firm, P.C., Forest Hills, NY (Mikhail Ibragimov of counsel), for appellant
Tina Newsome-Lee, Melville, NY (Anne Marlow Moran of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of claims for uninsured motorist benefits, Tyree David White appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 8, 2022. The order, without a hearing, granted that branch of the petition which was to permanently stay arbitration.
ORDERED that the order is reversed, on the law, without costs or disbursements, those branches of the petition which were to temporarily stay arbitration pending a framed-issue hearing and for joinder of the proposed additional respondents Palisades Insurance Company, doing business as Plymouth Rock Assurance, Liberty Mutual Insurance Company, and Shabazz Kenneth Dozier are granted, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing to determine whether a vehicle owned by Shabazz Kenneth Dozier was insured at the time of the accident, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
The petitioner commenced this proceeding to permanently stay arbitration of claims for uninsured motorist benefits or, in the alternative, to temporarily stay arbitration pending a framed-issue hearing and for joinder of proposed additional respondents Palisades Insurance Company, doing business as Plymouth Rock Assurance, Liberty Mutual Insurance Company, and Shabazz Kenneth Dozier. The claims arose out of an automobile accident that occurred on January 18, 2021, when a vehicle operated by Tyree David White was struck by a vehicle owned by Dozier. In an order dated March 8, 2022, the Supreme Court, without a hearing, granted that branch of the petition which was to permanently stay arbitration. White appeals.
"'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d 936, 938, quoting Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d 925, 928). "'Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing'" (Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d at 938, quoting Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d [*2]at 928).
While White correctly argues that the petitioner could not rely on evidence submitted for the first time in reply to sustain its prima facie burden (see Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 826-827), the evidence submitted by the petitioner in support of the petition satisfied its prima facie burden of showing sufficient evidentiary facts to establish a preliminary issue that would justify a stay of arbitration. In opposition to the petition, White raised an issue of fact as to whether the Dozier vehicle was insured at the time of the accident (see Allstate Ins. Co. v Martinez, 140 AD3d 743, 744).
Since an issue of fact was raised, arbitration should be temporarily stayed, the proposed additional respondents should be joined as respondents, and a framed-issue hearing should be conducted, before a determination is made on that branch of the petition which was to permanently stay arbitration (see Matter of Government Empls. Ins. Co. v Williams, 174 AD3d 708, 709-710; Allstate Ins. Co. v Martinez, 140 AD3d at 744).
BRATHWAITE NELSON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court