## Old Republic Ins. v Woolfolk

2024 NY Slip Op 33638(U)

October 1, 2024

Supreme Court, Kings County

Docket Number: Index No. 518975/2023

Judge: Richard J. Montelione

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At IAS Part 99 of the Supreme Court of
the State of New York, Kings County, on
the 1st day of October 2024

PRESENT: HON. RICHARD J. MONTELIONE, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99

DECISION AND ORDER

--------------------------------------------------------------------X
OLD REPUBLIC INSURANCE,

                      Petitioner,

      -against-

LATISHA WOOLFOLK,

                      Respondent.

--------------------------------------------------------------------X

Index No.: 518975/2023
Motion Date: 2/07/24
Motion Cal. No.: 48
Mot. Seq. 1

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
|  |  |
| Petitioner's Application to Permanently Stay Demand for Arbitration; Petitioner's Affirmation in Support of Application affirmed by Medea Matiashvili, Esq. on June 29, 2023........................ | 1, 3 |
| Respondent's Affirmation in Opposition to Petition for Stay affirmed by James Landau, Esq. on November 1, 2023........................................................................................................ | 16 |
| Petitioner's Reply Affirmation affirmed by Medea Matiashvili, Esq. on February 5, 2024........... | 19 |
|  |  |

MONTELIONE, RICHARD J., J.

      This is a special proceeding commenced by petitioner, Old Republic Insurance Company, incorrectly named as Old Republic Insurance ("Petitioner" or "ORIC"), by filing a petition to permanently stay arbitration sought by respondent, Latisha Woodfolk ("Respondent"). On June 5, 2023, respondent served petitioner with a demand for arbitration of her claim for supplemental uninsured/underinsured motorist coverage ("SUM Coverage" or "SUM"). Petitioner now seeks an order permanently staying arbitration, or in the alternative to compel respondent to appear for an Examination Under Oath ("EUO") and an Independent Medical Examination ("IME") prior to arbitration (Motion Seq. No. 1).

      On November 14, 2021, respondent was a passenger in a vehicle additionally insured by Uber USA, LLC which was traveling in or about Linden Blvd. & Sheffield Ave., in Brooklyn, New York. The accident

[* 1]

occurred when an unidentified vehicle sideswept the insured vehicle in which respondent was a passenger. The unidentified vehicle left the scene of the accident without exchanging information. Petitioner alleges that the non-party driver's vehicle, in which she was traveling, was insured by Hereford Insurance Company ("Hereford Policy") and provides the court with a New York State Department of Motor Vehicles Insurance Certificate. NYSCEF #9. The petitioner is the provider of the SUM policy to the named insured, Uber USA, LLC. NYSCEF #5.

On or about March 29, 2023, petitioner alleges, and respondent's counsel does not deny, that respondent's counsel informed petitioner's third-party claims administrator, Crawford Global Technical Services, that he received a $25,000.00 offer from Hereford Insurance Company, the owner's primary insurance carrier, to settle the claim. NYSCEF # 4, ¶ 8. Petitioner's claim adjuster informed respondent's counsel that the SUM coverage for the subject loss was excess and would offset recovery under the Hereford policy. *Id.*

Petitioner argues that the arbitration sought by respondent must be stayed because, under ORIC's policy and endorsements, respondent is not entitled to SUM coverage. Specifically, ORIC's policy provides SUM coverage in the amount of $25,000.00, and "the SUM policy for the subject loss is excess and would offset any recovery under the underling policy (the Hereford policy)". The relevant section of the ORIC policy follows:

> Section 5 (b) Regardless of the number of insureds, our maximum
> payment under this SUM endorsement shall be the difference between:
>
> (1) The SUM limit; and
>
> (2) The motor vehicle bodily injury liability insurance or bond
> payments received by the insured or the insured's legal representative,
> from or on behalf of all persons that may be legally liable for the bodily
> injury sustained by the insured.

[* 2]

*Old Republic Insurance v. Latisha Woolfolk Index No. 518975/2023*

According to petitioner, because the Hereford policy has a policy limit of $25,000.00, the excess coverage is not triggered. Petitioner further argues that pursuant to New York State Insurance Law, SUM coverage is only triggered when it is greater than the underlying policy, in this case, the Hereford policy. Petitioner argues that ORIC's SUM policy is equal to or less than the Hereford policy, and therefore, respondent is not entitled to SUM coverage under ORIC's policy. In the alternative, petitioner asks for an order temporarily staying arbitration contending that respondent has failed to comply with conditions precedent under the ORIC SUM endorsement relating to pre-arbitration discovery, including providing authorizations and appearing for an EUO and IME.

In opposition to petitioner's application to stay arbitration, respondent argues that petitioner has failed to meet its burden of showing the existence of evidentiary facts sufficient to establish a genuine preliminary issue. Respondent further contends that this court should only grant petitioner a temporary stay pending the outcome of a framed issue hearing to determine whether petitioner complied with the required insurance coverage under VTL § 1693 of Article 44-B, specifically 3(a) which requires:

> …providing supplementary uninsured/underinsured motorist insurance for bodily injury, in the amount of one million two hundred fifty thousand dollars because of bodily injury to or death of any person in any one accident…

However, it appears that under VTL § 1693, ¶12, "(n)othing in this section shall impose financial responsibility requirements upon any entities operating as vehicles for hire in a city with a population of one million or more." The court also takes judicial notice that The New York State Department of Motor Vehicle's website indicates, "The TNC Act applies across New York State **except** within New York City. New York City already allows ride sharing companies to operate under its existing Taxi & Limousine Commission requirements." (*Emphasis* in original; see https://dmv.ny.gov/business/tnc/information-for-transportation-network-company-tnc-passengers).

[* 3]

*Old Republic Insurance v. Latisha Woolfolk Index No. 518975/2023*

The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" *Matter of Gov't Emp. Ins. Co. v. Tucci,* 157 A.D.3d 679, 680 (2d Dep't 2018) (citing *Matter of Hertz Corp. v. Holmes,* 106 A.D.3d 1001, 1002 (2d Dep't 2013)). "Thereafter, the burden shifts to the party opposing the stay to rebut the *prima facie* showing." *Matter of Merchants Preferred Ins. Co. v. Waldo,* 125 A.D.3d 864 (2d Dep't 2015). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue." *Matter of Hertz Corp. v. Holmes,* 106 A.D.3d 1001, 1003 (2d Dep't 2013). In *Tucci,* the Appellate Division, Second Department reversed an order permanently staying arbitration finding that "…unsupported, conclusory assertions of [Geico's] attorney" were insufficient to establish the existence of evidentiary facts regarding the failure of conditions precedent to arbitration.

The certified police accident report, signed by a police officer, reflects the driver of the vehicle as Mirza F. Baig and the vehicle registered to Mohammad Ramzan with an insurance code of 126.[1] Although the insurance card is not certified and therefore not admissible, the court will draw the inference that the police officer would have noted the lack of insurance if the vehicle was not insured. Respondent's counsel does not deny that an offer was made by a claims adjuster for the policy limit of $25,000.00 which is reflected in the affidavit of petitioner's third-party claims adjuster. *See,* NYSCEF #4, ¶8. Given the particular facts, petitioner has met its *prima facie* entitlement to judgment as a matter of law and respondent has failed to rebut this *prima facie* showing.

Based on the foregoing, it is

**ORDERED**, that petitioner's application to permanently stay arbitration is GRANTED and the arbitration is permanently stayed; and it is further

---

[1] This appears to be an error because the code for Herefore Insurance Co. is 326 not 126.

4 of 5

[* 4]

*Old Republic Insurance v. Latisha Woolfolk Index No. 518975/2023*

**ORDERED,** that the clerk is directed to change the caption as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 99
------------------------------------------------------------------X
In the Matter of the Arbitration Attempted to be had
Between OLD REPUBLIC INSURANCE COMPANY,
Incorrectly named as OLD REPUBLIC INSURANCE,

                        Petitioner,

        -against-

LATISHA WOOLFOLK,

                        Respondent.
------------------------------------------------------------------X

**and it is further,**

**ORDERED,** that all other requests for relief are DENIED.

This constitutes the order and decision of the Court.

**E N T E R**

Hon. Richard J. Montelione, J.S.C.

KINGS COUNTY CLERK
FILED
2024 OCT -7 A 10:22

[* 5]