Matter of Old Republic Ins. Co. v Scott (2024 NY Slip Op 04965)

Matter of Old Republic Ins. Co. v Scott

2024 NY Slip Op 04965

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2023-04683
 (Index No. 511691/22)

[*1]In the Matter of Old Republic Insurance Company, respondent, 
v
Noel Scott, appellant.

Salerno & Goldberg, P.C., Deer Park, NY (Allen Goldberg of counsel), for appellant.
Gartner + Bloom, P.C., New York, NY (Michael J. Hemway of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplementary underinsured motorist benefits, Noel Scott appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated March 17, 2023. The order, without a hearing, granted the petition and, in effect, permanently stayed the arbitration.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding against Noel Scott to permanently stay arbitration of a claim for supplementary underinsured motorist benefits. The claim arose out of an automobile accident that occurred when a vehicle operated by Scott was stopped at an intersection and struck in the rear by a vehicle operated by Martha Quizhpi. In an order dated March 17, 2023, the Supreme Court, without a hearing, granted the petition and, in effect, permanently stayed the arbitration. Scott appeals.
"'The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay'" (Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d 936, 938, quoting Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d 925, 928). "'Thereafter, the burden shifts to the party opposing the stay to rebut the prima facie showing'" (id., quoting Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d at 928).
While Scott correctly contends that the petitioner could not rely on evidence submitted for the first time in reply to sustain its prima facie burden (see Matter of Standard Fire Ins. Co. v Sanchez, 222 AD3d 761, 762; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 826-827), the evidence submitted by the petitioner in support of the petition satisfied its prima facie burden of demonstrating its entitlement to a permanent stay of arbitration (see Matter of Standard Fire Ins. Co. v Sanchez, 222 AD3d at 762). In opposition to the petition, Scott failed to raise an issue of fact as to whether he was entitled to supplementary underinsured motorist benefits under the subject insurance policy.
Accordingly, the Supreme Court properly granted the petition to permanently stay [*2]arbitration (see Matter of GEICO Ins. Co. v Rice, 167 AD3d 884, 885; Matter of Government Empls. Ins. Co. v Beltran, 120 AD3d 684, 685; cf. Matter of Standard Fire Ins. Co. v Sanchez, 222 AD3d at 762).
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court