Matter of Government Empls. Ins. Co. v Sokolovich (2025 NY Slip Op 01218)

Matter of Government Empls. Ins. Co. v Sokolovich

2025 NY Slip Op 01218

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-00148
 (Index No. 516792/20)

[*1]In the Matter of Government Employees Insurance Company, respondent, 
v
Yefim Sokolovich, appellant.

Belushin Law Firm, P.C., Brooklyn, NY (Vel Belushin of counsel), for appellant.
Gail S. Lauzon, Melville, NY (Andrew Weber of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Yefim Sokolovich appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 30, 2021. The order, insofar as appealed from, upon renewal and reargument, adhered to a prior determination in an order of the same court dated April 9, 2021, granting that branch of the petition which was to permanently stay arbitration.
ORDERED that the order dated November 30, 2021, is reversed insofar as appealed from, on the law, with costs, upon renewal and reargument, the order dated April 9, 2021, is vacated, that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing is granted, and the matter is remitted to the Supreme Court, Kings County, for a framed-issue hearing to determine whether the electric-powered vehicle that struck Yefim Sokolovich was an uninsured motor vehicle as defined by the petitioner's insurance policy, and a new determination thereafter of that branch of the petition which was to permanently stay arbitration.
On or about February 1, 2020, Yefim Sokolovich allegedly was involved in a hit-and-run accident on Shore Parkway in Brooklyn with an uninsured motor vehicle. Sokolovich was a pedestrian and he allegedly was hit by an "electromotorcycle" at a pedestrian crossing. Sokolovich served a demand for arbitration on Government Employees Insurance Company (hereinafter GEICO). GEICO commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration of Sokolovich's claim, or in the alternative, to temporarily stay arbitration pending a hearing on the issues of whether there was an accident involving a hit-and-run and/or uninsured motor vehicle and whether or not the "e-bike" which struck Sokolovich qualified as a "motor vehicle" under GEICO's insurance policy. By order dated April 9, 2021, the Supreme Court granted that branch of the petition which was to permanently stay arbitration. Sokolovich then moved, in effect, for leave to renew and reargue his opposition to that branch of the petition. In an order dated November 30, 2021, the court granted renewal and reargument and, upon renewal and reargument, adhered to the prior determination. Sokolovich appeals.
"The party seeking a stay of arbitration has the burden of showing the existence of sufficient evidentiary facts to establish a preliminary issue which would justify the stay" (Matter of Standard Fire Ins. Co. v Sanchez, 222 AD3d 761, 762 [internal quotation marks omitted]; see Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d 936, 938). "Thereafter, the burden shifts to the party [*2]opposing the stay to rebut the prima facie showing" (Matter of Standard Fire Ins. Co. v Sanchez, 222 AD3d at 762 [internal quotation marks omitted]; see Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d at 938). "Where a triable issue of fact is raised, the Supreme Court, not the arbitrator, must determine it in a framed-issue hearing, and the appropriate procedure under such circumstances is to temporarily stay arbitration pending a determination of the issue" (Matter of Infinity Indem. Ins. Co. v Leo, 213 AD3d at 938 [internal quotation marks omitted]; see Matter of Northeast & Cent. Contrs., Inc. v Quanto Capital, LLC, 203 AD3d 925, 928).
Here, GEICO's submission of the police accident report, which noted that Sokolovich was hit by an "electromotorcycle," failed to conclusively establish that the vehicle involved was not a motor vehicle as defined by the insurance policy, but, at most, raised a triable issue of fact as to that issue (see Matter of Allstate Ins. Co. v Deleon, 159 AD3d 895, 896-897; Matter of Allstate Ins. Co. v Aizin, 102 AD3d 679, 681; see also Matter of Jackson v Motor Veh. Acc. Indem. Corp., 217 AD3d 947, 947). Since an issue of fact was raised, the Supreme Court, in the order dated April 9, 2020, erred in granting that branch of the petition which was to permanently stay arbitration without first holding a framed-issue hearing (see Matter of Standard Fire Ins. Co. v Sanchez, 222 AD3d at 762-763; Matter of Allstate Ins. Co. v Aizin, 102 AD3d at 681).
Contrary to GEICO's contention, the Supreme Court did not deny leave to renew and reargue. Upon granting leave to renew and reargue, the court should have vacated the order dated April 9, 2021, and granted that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing on the issue of whether the electric-powered vehicle that struck Sokolovich was an uninsured motor vehicle as defined by the insurance policy (see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186, 1189).
LASALLE, P.J., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court